# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# KEY WEST DIVISION

KELLI E. ZIMMERMAN f/k/a KELLI E. MARRS,

    Plaintiff,

CASE NO.: 4:20-cv-10008

v.

AMSHER COLLECTION SERVICES, INC.,

    Defendant.

_____/

## COMPLAINT

NOW COMES Plaintiff, KELLI E. ZIMMERMAN f/k/a KELLI E. MARRS, through undersigned counsel, complaining of Defendant, AMSHER COLLECTION SERVICES, INC., as follows:

### NATURE OF THE ACTION

1. This is an action brought by consumers seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*,

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. KELLI E. ZIMMERMAN f/k/a KELLI E. MARRS ("Plaintiff") is a natural persons, over 18-years-of-age, who at all times relevant resided in Big Pine Key, Florida.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. AMSHER COLLECTION SERVICES, INC. ("AmSher") is a corporation organized under the laws of Alabama.

7. AmSher has its principal place of business at 4524 Southlake Parkway, Suite 15, Birmingham, Alabama 35244.

8. AmSher is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of AmSher's business is the collection of debt.

9. AmSher is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff allegedly owed an outstanding balance to T-Mobile.

11. T-Mobile placed Plaintiff's account with AmSher to collect Plaintiff's alleged $649.39 balace.

12. Plaintiff's alleged $649.39 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. On January 7, 2020, AmSher mailed written correspondence to Plaintiff, enclosed in an envelope with "**IMPORTANT INFORMATION ENCLOSED**" printed on the envelope's exterior in bold font.

14. Plaintiff promptly opened this mail as it said "**IMPORTANT INFORMATION ENCLOSED**."

15. AmSher's letter contained information regarding Plaintiff's alleged T-Mobile balance.

16. AmSher's letter is a "communication" as defined by 15 U.S.C. § 1692(a)(2).

17. AmSher's inclusion of "**IMPORTANT INFORMATION ENCLOSED**" on envelopes falsely implied that this mail required immediate attention.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

18. Paragraphs 10-17 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692f

19. Section 1692f prohibits a debt collector from using "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f.

20. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. *Id*.

21. Subpararaph (8) prohibits the following conduct:

[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

*Id*. § 1692f(8).

22. Section 1692f(8) regulates language "on any envelope." *Id*.

23. The text of § 1692f(8) is unequivocal. "[A]ny language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope." 15 U.S.C. § 1692f(8).

24. In other words, NO EXCEPTIONS.

25. Accordingly, AmSher's inclusion of "**IMPORTANT INFORMATION ENCLOSED**" on the front of the envelope violates 15 U.S.C. § 1692f(8).

26. As alleged, Plaintiff instantly opened AmSher's mail because it said "**IMPORTANT INFORMATION ENCLOSED**."

3

27. AmSher's practice of including "**IMPORTANT INFORMATION ENCLOSED**" on envelopes mailed to consumers unfairly puts AmSher ahead of other debt collectors.

28. On information and belief, AmSher's research demonstrates that an unsophisticated consumer is more likely to open letters sent in envelopes marked "**IMPORTANT INFORMATION ENCLOSED**" than envelopes that do not contain the words "**IMPORTANT INFORMATION ENCLOSED**."

29. Plaintiff may enforce the provisions of 15 U.S.C. § 1692f(8) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that AmSher violated 15 U.S.C. § 1692f(8);

B. an award of any actual damages sustained by Plaintiff as a result of AmSher's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

    D.      an award of costs of this action, together with a reasonable attorney's fee as determined by this Court; and

    E.      an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 24, 2020                          Respectfully submitted,

                                                                         **KELLI E. ZIMMERMAN f/k/a KELLI E. MARRS,**

                                                                         By: *Alexander J. Taylor*

                                                                         Alexander J. Taylor
                                                                         Florida Bar No. 1013947
                                                                         SULAIMAN LAW GROUP, LTD.
                                                                         2500 South Highland Avenue
                                                                         Suite 200
                                                                         Lombard, Illinois 60148
                                                                         +1 630-575-8181
                                                                         ataylor@sulaimanlaw.com